## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| QUENTIN T. GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CIV- 18-92-R |
| v. | ) | |
| | ) | |
| (1) CBH OF NORMAN OPERATING, LLC, | ) | |
| d/b/a RED RIVER YOUTH ACADEMY, | ) | |
| | ) | |
| (2) CBH OF NORMAN, LLC, d/b/a | ) | |
| RED RIVER YOUTH ACADEMY, | ) | |
| | ) | |
| Defendants. | ) | |

### **COMPLAINT**

Plaintiff Quentin T. Gates ("Gates"), for his causes of action against Defendants CBH of Norman Operating, LLC, d/b/a Red River Youth Academy, alleges and states as follows:

### The Parties

1.     Plaintiff Gates is a citizen of the State of Oklahoma. Gates resides within the Western District of Oklahoma.

2.     Defendant CBH of Norman Operating, LLC, d/b/a Red River Youth Academy, is a foreign, for-profit limited liability company that is registered to and does do business in the City of Norman, State of Oklahoma, at 3400 Deskin Drive, Norman, OK 73069.

3.  Defendant CBH of Norman Operating, LLC is an inactive foreign limited liability company according to records kept and maintained by the Oklahoma Secretary of State.

4.  Defendant CBH of Norman, LLC d/b/a Red River Youth Academy is an active foreign limited liability company that is registered to and does do business in the City of Norman, State of Oklahoma, at 3400 Deskin Drive, Norman, OK 73069.

<u>Jurisdiction and Venue</u>

5.  This Court has original subject matter jurisdiction over the cause of action pursuant to 28 U.S.C. § 1331 because this action arises under federal law, *i.e.* 42 U.S.C. § 2000e *et seq.*

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7.  This Court has personal jurisdiction over the Defendants.

<u>Factual Allegations</u>

8.  Gates is in a protected class pursuant to Title VII of the Civil Rights Act of 1964, as amended, because he is an African American male.

9.  Defendants hired Gates in the spring of 2014.

10.  Gates at all times performed his job duties in a satisfactory manner.

11.  On November 9, 2016, Program Director John Smith approached Gates during his shift as an extra.

12.  Smith indicated that it was a problem that Gates was in the office while serving as an extra.

13. Smith had knowledge that another white employee also remained in the office, and event went to his car, while he was serving as the extra.

14. Smith had never taken action to terminate this other white employee for the same conduct he was reprimanding Gates about.

15. Gates complained to Program Director Smith that it was not fair that he allowed the other employee, Mr. Parker, to stay in the office and even go to his car while serving as the extra. Gates stated that Program Director Smith treated Mr. Parker better because he was white.

16. Program Director Smith then terminated Gates' employment.

17. Gates timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 6, 2017 asserting claims for Race Discrimination and Retaliation.

18. The EEOC issued Gates a Notice of Suit Rights and this suit is timely brought against Defendants.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED – RETALIATION

19. Gates incorporates by reference paragraphs 1 through 18 as though set forth in full herein.

20. Gates is in a protected class because he is an African American male and because he engaged in protected activity under Title VII by complaining to his supervisor about unequal treatment between himself and a white employee.

21. Gates at all times performed his job duties in a satisfactory manner.

22.     Gates was subjected to a materially adverse action in that he was terminated from his position as a Supervisor.

23.     Defendants' stated reason for the materially adverse employment action is pretextual and not worthy of belief.

24.     Following Gates' termination, his job was not eliminated.

25.     As a direct and proximate result of Defendants' retaliation against Plaintiff, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to her professional reputation, and loss of enjoyment of life, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a)     That Defendants be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e;

(b)     That Defendants be ordered to pay Plaintiff economic and compensatory damages pursuant to Title VII in an amount to be determined by the jury at the time of the trial;

(c)     That Defendants be ordered to reinstate Plaintiff to the position and compensation package he held at the time of his termination or, in lieu of reinstatement, front pay for a period of years that the Court determines just, equitable, and sufficient to make Plaintiff whole;

(d)     That Defendants be ordered to pay Plaintiff costs and a reasonable attorney's fee;

(e)     That Defendants be ordered to pay pre- and post-judgment interest;

(f)     For such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED – INTENTIONAL DISCRIMINATION

26.     Gates incorporates paragraphs 1 through 25 as though set forth in full herein.

27.     Gates is in a protected class because he is an African American male.

28.     Gates was at all relevant times performing his job duties in a satisfactory manner.

29.     Gates was subjected to disparate treatment, including termination, because of his race, African American.

30.     Defendants' stated reason for the materially adverse employment action is pretextual and not worthy of belief.

31.     Following Gates' termination, his job was not eliminated.

32.     As a direct and proximate result of Defendants' retaliation against Plaintiff, Plaintiff has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, humiliation, embarrassment, injury to her professional reputation, and loss of enjoyment of life, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a)     That Defendants be ordered to make Plaintiff whole by providing all the remedies and relief authorized by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e;

(b)     That Defendants be ordered to pay Plaintiff economic and compensatory damages pursuant to Title VII in an amount to be determined by the jury at the time of the trial;

(c)     That Defendants be ordered to reinstate Plaintiff to the position and compensation package he held at the time of his termination or, in lieu of reinstatement, front pay for a period of years that the Court determines just, equitable, and sufficient to make Plaintiff whole;

(d)     That Defendants be ordered to pay Plaintiff costs and a reasonable attorney's fee;

(e)     That Defendants be ordered to pay pre- and post-judgment interest;

(f)     For such other and further relief as the Court deems just and proper.

                                        WARD & GLASS, L.L.P.


                                        /s/ Barrett T. Bowers
                                        Stanley M. Ward, OBA#9351
                                        Woodrow K. Glass, OBA#15690
                                        Barrett T. Bowers, OBA#30493
                                        Jonathan M. Irwin, OBA#32636
                                        Geoffrey A. Tabor, OBA#32880
                                        1601 36th Avenue N.W., Ste. 100
                                        Norman, Oklahoma 73072
                                        (405) 360-9700 / (405) 360-7902 (fax)
                                        barrett@wardglasslaw.com
                                        **ATTORNEYS FOR PLAINTIFF**

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED